UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **FREDDY J. RODRIGUEZ DEL RIO,** | § § | |
| Petitioner, | § § | **EP-20-CV-00217-FM** |
| v. | § § § | |
| **COREY PRICE, U.S. Immigration and Customs Enforcement El Paso Field Office Director; MATTHEW T. ALBENCE, Deputy Director of U.S. Immigration and Customs Enforcement; CHAD F. WOLF, Acting Secretary of U.S. Department of Homeland Security; WILLIAM BARR, Attorney General of the United States,** | § § § § § § § § § § § | |
| Respondents. | § | |

## ORDER GRANTING PETITIONER'S MOTION FOR SUMMARY JUDGMENT AND DENYING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

Before the court are "Respondents' Amended Motion for Summary Judgment" ("Government's Motion") [ECF No. 9], filed August 28, 2020 by the United States of America ("Government"); "Petitioner's Opposition to Respondent's Motion for Summary Judgment; In the Alternative Motion for Summary Judgment in Favor of Petitioner" ("Petitioner's Motion") [ECF No. 11], filed September 1, 2020 by Freddy J. Rodriguez Del Rio ("Petitioner"); "Respondents' Reply to Petitioner's Opposition to Respondents' Motion for Summary Judgment" ("Government's Reply") [ECF No. 14], filed September 8, 2020 by the Government; "Respondents' Advisory to the Court" [ECF No. 15], filed September 29, 2020 by the Government; "Petitioner's Advisory to the Court and Position on Respondents Advisory to the Court" [ECF No. 16], filed September 30, 2020 by Petitioner; "Petitioner's Advisory to the

1

Court" [ECF No. 17], filed October 21, 2020 by Petitioner; "Respondents' Advisory to the Court and Response to Plaintiff's Advisory of October 21, 2020" [ECF No. 18], filed October 23, 2020 by the Government; and "Petitioner's Supplement to His Advisory to the Court and Response to Respondents Advisory to the Court of October 23, 2020" [ECF No. 19], filed October 24, 2020 by Petitioner. Therein, the Government argues there have been no violations of Petitioner's constitutional rights and asks that summary judgment be granted in its favor.[1] Petitioner also moves for summary judgment as the travel restrictions by the Cuban Government due to the COVID-19 Pandemic have created uncertainty with respect to the Government's ability to remove Petitioner.[2] After due consideration of the Government's Motion, Petitioner's Motion, the Government's Reply, advisories to the court, and applicable law, Petitioner's Motion is **GRANTED**.

I.       **BACKGROUND**

Petitioner is currently in U.S. Immigration and Customs Enforcement ("ICE") detention awaiting removal to his home country of Cuba.[3] Petitioner previously pleaded guilty to Attempted Illegal Entry by Eluding an Immigration Officer under 8 U.S.C. § 1325(a)(2) and was sentenced to time served on April 5, 2019.[4] In May 2019, Petitioner passed a credible fear

---

[1] "Respondents' Amended Motion for Summary Judgment" ("Govt. Mot.") 1, ECF No. 9, filed Aug. 28, 2020.

[2] "Petitioner's Opposition to Respondents' Motion for Summary Judgment; In the Alternative Motion for Summary Judgment in Favor of Petitioner" ("Pet'r Mot.") 3, ECF No. 11, filed Sept. 1, 2020.

[3] *See id.* at 2.

[4] *See* Govt. Mot. at 2.

interview and subsequently applied for asylum.[5]  An immigration judge denied Petitioner's application for asylum and ordered Petitioner removed to Cuba on November 14, 2019.[6]  Petitioner has now been detained in ICE custody for at least 17 months, and almost a year since his order of deportation became final.[7]

Petitioner was initially scheduled to be removed to Cuba on March 27, 2020.[8]  However, on March 25, 2020, the Cuban Government notified ICE that Petitioner's flight would need to be postponed due to travel restrictions imposed by the Cuban Government.[9]  On April 2, 2020, the Cuban Government suspended the arrival of all international flights to curb the spread of COVID-19.[10]  That suspension has been periodically extended throughout the past six months, including most recently on November 2, 2020.[11]  As a result of these prolonged travel restrictions, Petitioner has not been deported.  Petitioner seeks to be released from detention as he awaits deportation.

---

[5] *See* "Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241," ("Habeas Pet.") ECF No. 1, filed July 24, 2020.

[6] *Id.* Although Dec. 14, 2020 is 30 days from when the Immigration Judge issued a removal order against Petition, it is a Saturday.  Therefore, Petitioner's removal order became final on Dec. 16, 2020.

[7] *See* Habeas Pet. at 5 ¶¶ 18—19 (explaining Petitioner pleaded guilty to 8 U.S.C. § 1325(a)(2) on April 5, 2019 and "was subsequently taken into DHS/ICE custody . . . on or about May 8, 2019).

[8] "Declaration of Ruben Leyva" 3 ¶ 6, ECF No. 9-2, filed Aug. 28, 2020.

[9] *Id.* at 3 ¶ 7.

[10] "Petitioner's Advisory to the Court and Position on Respondents Advisory to the Court" ("Pet'r Advisory") 2 ¶ 6, ECF No. 16, filed Sept. 30, 2020.

[11] *See* U.S. Embassy in Cuba, *COVID-19 Information*, U.S. Embassy Cuba, https://cu.usembassy.gov/covid-19-information/ (last visited Nov. 3, 2020).

## II. APPLICABLE LAW

Summary judgment is proper where the pleadings, discovery, and affidavits demonstrate that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[12] A dispute over a material fact is genuine "when there is evidence sufficient for a rational trier of fact to find for the non-moving party."[13] Substantive law defines which facts are material.[14]

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits demonstrating the absence of a genuine issue of material fact.[15] When considering only admissible evidence in the pretrial record,[16] the court will "view all facts in the light most favorable to the non-moving party" and draw all factual inferences in the nonmovant's favor.[17] If the moving party cannot demonstrate the absence of a genuine issue of material fact, summary judgment is inappropriate.[18]

## III. DISCUSSION

*A. Petitioner is in Custody in Violation of His Substantive Due Process Rights*

The court first addresses Petitioner's Motion. As Petitioner is seeking summary judgment on the question of whether he is being held in violation of his substantive due process

---

[12] FED. R. CIV. P. 56(a).

[13] *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 323 (5th Cir. 2002) (citation omitted).

[14] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[15] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[16] *Fowler v. Smith*, 68 F.3d 124, 126 (5th Cir. 1995).

[17] *Cheatham v. Allstate Ins. Co.*, 465 F.3d 578, 582 (5th Cir. 2006) (per curiam) (citation omitted).

[18] *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995).

rights, all facts related to this question will be viewed in the light most favorable to the Government.

To succeed on his habeas claim, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States."[19] Petitioner, an "arriving alien" for purposes of his removal proceedings before the Immigration Court, is subject to expedited removal from the United States under 8 U.S.C. § 1225(b)(1)(A)(i).[20] The provision governing Petitioner's removal process is 8 U.S.C. § 1231.[21] *Zadvydas v. Davis* provides the framework for analyzing challenges made by aliens detained under § 1231.[22] In *Zadvydas*, the Supreme Court concluded 8 U.S.C. § 1231(a) authorized immigration detention after entry of an administratively final order of removal for a period reasonably necessary to accomplish the alien's removal.[23] The Supreme Court determined six months to be a presumptively reasonable period of time to allow the government to effectuate removal.[24] The Court further noted:

> [a]fter this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval

---

[19] 28 U.S.C. § 2241(c)(3).

[20] *See* 8 C.F.R. § 1001.1(q) ("[A]n arriving alien is "an applicant for admission . . . attempting to come into the United States at a port-of-entry . . . whether or not to a designated port-of-entry, and regardless of the means of transport."); 8 U.S.C. § 1225(b)(1)(A)(i) ("If an immigration officer determines than an alien . . . who is arriving in the United States . . . is inadmissible under section 1182(a)(6)(C) or 1182(a)(7) . . . the officer shall order the alien removed from the United States without further hearing or review unless the alien indicates either an intention to apply for asylum under section 1158 of this title or a fear of persecution.").

[21] *See* 8 U.S.C. § 1231.

[22] 533 U.S. 678, 683 (2001) (explaining "the Government 'may' continue to detain an alien who still remains [in the U.S] or release that alien under supervision").

[23] *See id.* at 699–700 ("[I]f removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute.")

[24] *See id.* at 701.

5

confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink.[25]

Petitioner argues his substantive due process rights are being violated as removal to Cuba is not significantly likely to occur in the reasonably foreseeable future.[26] The Cuban Government has renewed its suspension of inbound international travel at least five times after the initial April 2, 2020 order.[27] After the Cuban Government's most recent order lapsed on October 31, 2020, the suspension of travel was again extended through November 11, 2020.[28] Petitioner argues his removal is not significantly likely to occur in the reasonably foreseeable future due to these numerous renewals.[29] Petitioner further argues he is in indefinite detention as his scheduled flights to Cuba have all been cancelled and no new removal date has been established.[30] This showing satisfies Petitioner's initial burden.

To rebut Petitioner's argument that there is no significant likelihood of removal in the reasonably foreseeable future, the Government relies on an agreement with Cuba for the repatriation of certain Cubans, including Petitioner.[31] This authorization, despite the continued delay, is evidence of the likelihood of Petitioner's removal.[32]

---

[25] *Id. See also Andrade v. Gonzalez*, 459 F.3d 538, 543 (5th Cir. 2006) (noting that petitioners "bear the initial burden of proof in showing no likelihood of removal exists").

[26] *See* Pet'r Mot. at 6—7.

[27] *See* Pet'r Advisory at 2. The travel restrictions imposed by the Cuban Government have been renewed twice after Petitioner's first advisory to the court on Sept. 30, 2020. *See* "Petitioner's Advisory to the Court" ("Pet'r Advisory 2") 2 ¶ 11, ECF No. 17, filed Oct. 21, 2020; U.S. Embassy in Cuba, *supra* note 11.

[28] U.S. Embassy in Cuba, *supra* note 11.

[29] Pet'r Advisory at 3 ¶ 12.

[30] *Id*.

[31] *See* "Respondents' Reply to Petitioner's Opposition to Respondents' Motion for Summary Judgment" 2, ECF No. 14, filed Sept. 8, 2020 (citing "Declaration of Ruben Leyva" ECF No. 9-2 at 3 ¶ 4).

[32] *Id.*

The Government relies on *Adefemi v. Gonzalez*.[33] In that case, the petitioner's travel documents from the Nigerian Government expired following his motion to reopen his immigration proceedings and the Bureau of Immigration Appeals' grant of a stay of removal.[34] The Fifth Circuit denied the habeas petition because the "Government presented evidence that travel documents would be reissued upon completion of immigration the proceedings."[35] *Adefemi*'s reasoning is inapplicable. Unlike in *Adefemi*, Petitioner is not pursuing further immigration proceedings. His removal order is final, and he is not seeking to have his case reopened. Since Petitioner is not seeking further immigration proceedings, there is no end date, such as the "completion of the immigration proceedings," on which the Government can ground its claim that Petitioner's removal is reasonably foreseeable.[36]

The mere existence of approval for Petitioner's repatriation is not enough to show Petitioner's removal will happen in the reasonably foreseeable future. *Zadvydas* stated "as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink."[37] Petitioner has been in detention awaiting removal for over 11 months. The Government insists Petitioner will be removed "once the flight restrictions to Cuba are lifted," but it is no longer clear those restrictions will be lifted in the reasonably foreseeable future.[38] The prolonged detention coupled with the Cuban Government's

---

[33] 228 F. App'x 415, 416 (5th Cir. 2007).

[34] *Id.*

[35] *Id.*

[36] *Id.*

[37] *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).

[38] Govt. Mot. at 11.

continued renewal of its travel restrictions and the status of ICE's negotiations with the Government of Cuba indicate Petitioner will not be removed in the reasonably foreseeable future.[39]

In August, the Government insisted ICE would pursue authorization from Cuba for a charter flight to include Petitioner, but Cuba's restrictions were extended rather than lifted.[40] The Government then insisted in its September and October advisories to the court that "[a]lthough flight restrictions into Cuba have been extended, ICE is negotiating with the Government of Cuba to allow repatriation flights."[41] Yet in the months since the Government has made this claim, it has not shown that it is any closer to removing Petitioner. Petitioner is approaching one year in detention awaiting removal, but he is no closer to being removed than he was on March 27, 2020, when he was scheduled to be removed by ICE.[42] The ongoing uncertainty surrounding the COVID-19 Pandemic and the Cuban Government's continuous extensions, despite being shorter, fail to make it certain Petitioner will be removed in the reasonably foreseeable future. Petitioner has met his burden to show there is no question of material fact with respect to ICE's violation of his substantive due process rights.

> B.   *Petitioner is Not in Custody in Violation of His Procedural Due Process Rights*

If an alien has not been deported 90 days after his removal order becomes final, the Government is required to conduct a post-order custody review under 8 C.F.R. § 241.4. ICE did

---

[39] *See also Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703 (granting habeas relief to a non-citizen detainee due to "current travel restrictions in place at the moment in both the United States and [petitioner's home country]").

[40] Govt. Mot. at 5 ¶ 23.

[41] "Respondents' Advisory to the Court and Response to Plaintiff's Advisory of October 21, 2020" 3 ¶ 13, ECF No. 18, filed Oct. 23, 2020; "Respondents' Advisory to the Court" 2 ¶ 11, ECF No. 15, filed Sept. 29, 2020.

[42] Govt. Mot. at 3 ¶ 12.

not conduct Petitioner's 90-day review until May 19, 2020, 154 days after his removal order became final. While the tardiness of this review likely constituted a Fifth Amendment procedural due process violation, the appropriate remedy would have been to order the Government to conduct the required review.[43] Although the Government's post-order custody review was merely conclusory, the custody review obligations were satisfied on May 19, 2020.[44] This satisfies the Government's custody review obligations under 8 C.F.R. § 241.4. Therefore, Petitioner's potential injury has already been redressed, and he is not being held in violation of his procedural due process rights.[45]

        C.     *The Government is Not Entitled to Summary Judgment*

When ruling on a motion for summary judgment, the court will "view all facts in the light most favorable to the non-moving party" and draw all factual inferences in the nonmovant's favor.[46] In ruling on the Government's motion for summary judgment, the court draws all factual inferences in Petitioner's favor. The Government is not entitled to summary judgment. As noted in Section III.A, Petitioner is being indefinitely held prior to his removal to Cuba. Therefore, Petitioner must be released pending removal.

---

[43] *See Mohammad v. Lynch*, 2016 WL 8674354, at 6* n.6 (W.D. Tex. May 24, 2016) (citing *Achouatte v. Holder*, No. 4:11-CV-3977-VEH-JEO, 2012 WL 2358185, at *3 (N.D. Ala. June 14, 2012)); *D'Alessandro v. Mukasey*, 628 F.Supp.2d 368, 396 (W.D.N.Y 2009) (noting DHS should have "a period time within which to provide petitioner a meaningful post-removal custody review, as contemplated in 8 C.F.R. §§ 241.4 and 241.13" and if "such processes were not provided, petitioner [should be] released unless his removal has been effectuated by that time" (internal quotations omitted)).

[44] Govt. Mot. at 3 ¶ 14.

[45] *Id.*

[46] *Cheatham v. Allstate Ins. Co.*, 465 F.3d 578, 582 (5th Cir. 2006) (per curiam) (citation omitted).

## IV. SUPERVISED RELEASE

Section 1231(a)(6) states that an "alien ordered removed . . . may be detained beyond the removal period and, if released, shall be subject to [various] terms of supervision."[47] As Petitioner is being held in violation of the Constitution's Due Process Clause, it follows that Petitioner should be released pursuant to the regulations in § 1231(a)(3). Petitioner's release is subject to the paramount Government interest in enforcing terms of supervision that ensure eventual compliance with the final removal order.

The Government may require Petitioner:

> (A) to appear before an immigration officer periodically for identification; (B) to submit, if necessary, to a medical or psychiatric examination . . .; (C) to give information under oath about [Petitioner's] nationality, circumstances, habits, associations, and activities, and other information the Attorney General considers appropriate; and (D) to obey reasonable written restrictions on [Petitioner's] conduct or activities that the Attorney General prescribes.[48]

Petitioner does not have family or housing in the United States.[49] In light of the Government's interest in recognizance, Petitioner's release cannot proceed without first confirming the Government will be able to contact Petitioner pending his removal. Therefore, Petitioner and the Government must submit plans for his release to this court.

## V. CONCLUSION

Accordingly:

1. It is **HEREBY ORDERED** that "Respondents' Amended Motion for Summary Judgment" [ECF No. 9] is **DENIED**.

---

[47] 8 U.S.C. § 1231(a)(6).

[48] *Id*. at § 1231(a)(3).

[49] "Sealed Attachment 3 to Exhibit 2" 10—11, ECF No. 13, filed Sept. 2, 2020.

2. It is **FURTHER ORDERED** that "Petitioner's Opposition to Respondent's Motion for Summary Judgment; In the Alternative Motion for Summary Judgment in Favor of Petitioner" [ECF No. 11] is **GRANTED**.

3. It is **FURTHER ORDERED** that the Government's "Motion for Summary Judgment" [ECF No. 7] is **DENIED AS MOOT**.

4. It is **FURTHER ORDERED** that Petitioner Freddy J. Rodriguez Del Rio and the Government **SHALL** submit plans for Petitioner's release by **Thursday, November 12, 2020**.

**SIGNED AND ENTERED** this **3rd** day of **November 2020**.

_____
**FRANK MONTALVO**
**UNITED STATES DISTRICT JUDGE**